{¶ 83} As the lead opinion establishes, there are two types of constitutional traffic stops; one based on reasonable suspicion, and one based on probable cause. In its judgment entry, the trial court determined that "de minimus lane violations do not establish reasonable suspicion for a traffic stop in the absence of other evidence suggesting impairment." We are bound by the trial court's findings if supported by competent and credible evidence because the trial court is in the best position to assess witness credibility and weigh the evidence. The trial court found that the "alleged lanes violations" were not apparent on the video tape, and there was no other erratic driving to justify a stop based on reasonable suspicion. Since there is competent and credible evidence to support the trial court's findings, I concur with the lead opinion in holding there was no reasonable suspicion for a traffic stop merely because Phillips drove on the white line.
 {¶ 84} As to probable cause, Ohio law is clear that a traffic violation constitutes probable cause to effectuate a traffic stop. I concur with the analysis in the lead opinion in holding that the white edge line of the proper lane of travel is a traffic control device that does not provide instruction, and simply driving on or over the white edge line is not a violation of R.C. 4511.12. However, I cannot agree with the lead opinion's analysis concerning violations of R.C.4511.33(A), driving within the marked lines. As mentioned in footnote 7, neither party briefed the issue, and neither party raised it at oral argument. Furthermore, there is nothing in the record to indicate that the officer stopped Phillips for a marked-line violation. I do not believe it is proper for us to establish an argument the State did not raise, only to disprove it. Therefore, I do not join in that part of the analysis.
 {¶ 85} Finally, if Phillips had violated R.C. 4513.05, failure to illuminate the rear license plate, the officer would have had probable cause to effectuate the stop. However, the testimony clearly reveals that the officer and Phillips were driving in opposite directions when the officer thought he observed the violation. Once the officer began to follow Phillips and could clearly see the rear license plate, either any justification for the stop based on the lighting of the license plate was eliminated, or he would have had probable cause for a stop. The trial court found there was no evidence to support the "conclusory statements of the officer." The court noted that the videotape did not support the testimony, the officer did not check the license plate after the stop, and the officer did not issue a citation for the violation. The record contains competent and credible evidence to support the
trial court's findings. Therefore, I concur with the lead opinion in holding there was no probable cause for a stop based on a violation of R.C. 4513.05.
 {¶ 86} I would affirm the judgment of the trial court as entered.